UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. GORNEY,

               Plaintiff,                      Case Number 17-13814
                                                Honorable David M. Lawson
v.                                            Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff, an unemployed occasional auto mechanic who last worked in 2006, filed the present action seeking review of the Commissioner's decision denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge (ALJ) under either Sentence Four or Six of 42 U.S.C. § 405(g). The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on September 12, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary

judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 49 years old, filed his application for SSI benefits on May 8, 2014, when he was 44. He previously had filed three other SSI applications in 2006, 2010, and 2012, all of which were denied at the initial level and none of which were appealed. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of December 13, 2010. The plaintiff has been diagnosed with degenerative disc disease, arthritis, migraines, chronic obstructive pulmonary disease (COPD), bladder cancer, major depressive disorder, and anxiety disorder.

The plaintiff's application for SSI benefits was denied initially on November 13, 2014. He timely filed a request for an administrative hearing, and on November 8, 2016, the plaintiff appeared before Administrative Law Judge (ALJ) Sean McKee. On December 14, 2016, ALJ McKee issued a written decision in which he found that the plaintiff was not disabled. On October 10, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On November 27, 2017, the plaintiff filed his complaint seeking judicial review of the denial of benefits.

ALJ McKee determined that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. He found that the plaintiff had not engaged in substantial gainful activity since May 8, 2014 (step one); the plaintiff suffered from degenerative disc disease, arthritis, migraines, chronic obstructive pulmonary disease (COPD), bladder cancer, major depressive disorder, and anxiety disorder,

impairments which were "severe" within the meaning of the Social Security Act (step two); and none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity (RFC) to perform a range of sedentary work as defined in 20 C.F.R. § 416.967(a), with all of the following limitations: (1) he occasionally could climb ramps and stairs, but he never could climb ladders, ropes, or scaffolds, or be exposed to workplace hazards such as unprotected heights or moving mechanical parts; (2) he frequently could be expected to balance on level surfaces, use bilateral hand and foot controls, and handle, finger, or feel items with his arms and hands; (3) he occasionally could stoop, kneel, crouch, and crawl, and be expected to tolerate exposure to extreme cold and wetness; (4) he frequently could tolerate exposure to pulmonary irritants such as dusts, odors, and fumes; (5) he should avoid work outdoors in bright sunshine or with bright or flickering lights such as would be produced by the welding or cutting of metal; (5) he could perform simple, routine tasks, but not at a production rate pace such as in assembly line work; and (6) he occasionally could interact with supervisors and coworkers, but he never could interact with the general public.

In step four of the analysis, the ALJ found that the plaintiff had no past relevant work experience.  At step five of the analysis, the ALJ found, based on testimony presented by a vocational expert, that the plaintiff could perform the duties of representative occupations including bench assembler (14,000 jobs in the national economy), general office clerk (50,000 jobs), and surveillance system monitor (24,000 jobs), all of which were unskilled positions with a

sedentary level of exertion.   Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised two arguments in his motion for summary judgment before the magistrate judge.   First, he argued that the ALJ's determination of his residual functional capacity was not supported by substantial evidence, because the ALJ failed to consider the full extent to which his ability to maintain concentration and a consistent pace of work was reduced by his bladder cancer disease and the associated treatment for that condition.   Second, he argued that remand was warranted under Sentence Six of section 405(g), because records of the plaintiff's treatment and diagnosis for his cancer subsequent to the ALJ's decision further supported his claim that his capacity to work was more limited by his disease than the ALJ had concluded.   The magistrate judge rejected both of those positions.

The plaintiff filed two objections to the magistrate judge's report and recommendation, which substantially aligned with the positions argued in his summary judgment brief.   The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.   28 U.S.C. § 636(b)(1).

First Objection

In his first objection, the plaintiff argues that the magistrate judge erred when she concluded that the ALJ adequately considered the limitations caused by the plaintiff's bladder cancer and the debilitating side effects of treatment of that disease. He says that the ALJ improperly discounted the weight of medical opinions from the plaintiff's physicians because they were inconsistent with the record as a whole. The plaintiff argues that that conclusion fails to account for the facts that the plaintiff testified at length about the impact of his cancer disease and treatment on his daily activities and his ability to work; and both the ALJ and the magistrate judge failed to consider that the medical evaluations, which were deemed inconsistent with the opinions of his treating physicians, pre-dated the plaintiff's cancer diagnosis and treatment. That, he says, would account for the observed inconsistency.

As the magistrate judge observed, however, the ALJ discussed the plaintiff's bladder cancer and its treatment. Tr. 53. He also acknowledged that the plaintiff described substantial limitations, but the ALJ declined to give full weight to that testimony because of inconsistencies with the overall record. The plaintiff's objection focuses not so much on the specifics of the ALJ's RFC determination, but rather on his decision to apply the hypothetical question posed to the vocational expert (VE) that assumed that the plaintiff could engage in competitive work. The plaintiff argues that he cannot stay on task for a full work day because of his need to use a restroom frequently. That need, he says, stems from his bladder cancer and the effects of the treatment.

The ALJ did not accept the plaintiff's testimony on that score. And there is substantial evidence in the record supporting that determination. As the ALJ noted, the plaintiff's physicians

noted that he "exaggerated [his] behavior," Tr. 348, and his pain specialist believed he was "malingering," Tr. 352. He made inconsistent statements about his impairments and the cause of his limitations. Tr. 270, 280. He made inconsistent statements about his alcohol abuse. Tr. 339, 599, 601. The consultative examiner, Dr. Michael Brady, noted several inconsistencies in the plaintiff's report of symptoms during the examination in 2014 compared with the exam in 2011. Tr. 341, 275-78. The plaintiff gave a less-than-convincing explanation about the inconsistence between a May 31, 2016 file note that said he exercised 20 minutes one to two days per week, and his current descriptions of his limitations. Tr. 81. And, as the ALJ noted, the plaintiff alleged physical and mental symptoms that were not supported by the objective findings and imaging studies. Tr. 55-58.

It is well known that the rule that a hypothetical question must incorporate all the claimant's physical and mental limitations does not divest the ALJ of his obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

To overturn the ALJ's RFC finding, the Court would have to reweigh the evidence and make new findings. But that is not the Court's role. The Commissioner's findings are conclusive if, as here, they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); s*ee also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

The ALJ considered the information about the plaintiff's bladder cancer and gave it the weight he thought it deserved. Because his decision was supported by substantial evidence, the plaintiff's first objection will be overruled.

## Second Objection

In his second objection, the plaintiff challenges the magistrate judge's conclusion that a Sentence Six remand is not warranted. The magistrate judge acknowledged that correspondence between the plaintiff's treaters from April 2017 about the plaintiff's bladder pain, lack of bladder

function, and systemic back and musculoskeletal pain qualified as new evidence, and that the plaintiff had shown good cause for not presenting the evidence earlier in the proceeding, since it concerned treatment for and deterioration of his condition that occurred after the ALJ issued his decision. However, the plaintiff argues that the magistrate judge was too hasty in discounting the impact of the new evidence, because the plaintiff began treatment for his cancer in February 2016. He believes that the newly produced doctor's notes, which indicated that he still was experiencing significant pain from the cancer in April 2017, bolstered his testimony and contradicted the ALJ's finding that there was no evidence to support the plaintiff's claim that the cancer disease and treatment caused him significant fatigue which impaired his ability to work. He contends that the effects of the disease-related impairment were likely to persist for at least 12 months.

A sentence six remand is generally used when new evidence that was not properly considered by the ALJ comes to light, and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 243 (6th Cir. 2002). To justify such a remand, the plaintiff must show that the evidence is new, good cause exists for not incorporating it into the record earlier, and the evidence is material. *Hollon ex. Rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Only the third point is disputed here.

"[E]vidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The government argues that the evidence is not relevant

because it pertains to a time frame beyond the period of disability under consideration. Medical evidence is relevant to prove a disability only if it pertains to the period under review. *Estep v. Weinberger*, 525 F.2d 757, 757-58 (6th Cir. 1975). Medical evidence that postdates the disability period date may be, and ought to be, considered, but only insofar as it bears on the claimant's condition prior to that date. *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976) ("Medical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time."); *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988).

Dr. Samuel Kaffenberger's letter acknowledges that his treatment relationship with the plaintiff did not begin until four months after the ALJ's decision. It discussed treatment that was about to commence, and it forecast possible side effects that could occur. None of that evidence was backward looking. And none of the information about what *could* be the result of the treatment — the Bacillus Calmette-Guèrin (BCG) immunotherapy — manifested itself in the medical evidence that the ALJ found credible. Even if Dr. Kaffenberger's forecast was correct, evidence of the plaintiff's condition only after the ALJ's decision is not material within the meaning of Sentence Six of section 405(g). *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

The plaintiff's second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching her conclusion. The Court has considered both of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [ECF No. 14] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [ECF No. 15] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [ECF No. 11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [ECF No. 12] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:    March 14, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 14, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI